UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WEST PROFESSIONAL ENTERPRISES, INC., <br> WALTER D. WEST, <br> MARY WEST, <br> ANTHONY G. TUMMINELLO, d/b/a <br> WDW PARTNERSHIP, <br> MORTGAGE EXPRESS BROKERAGE CO., <br> and <br> MISSOURI DEPARTMENT OF REVENUE, <br><br> Defendants. | Case No. 4:19-cv-1906 |

## COMPLAINT

Plaintiff, United States of America, alleges as follows:

1. The United States brings this civil action to (1) reduce to judgment federal income tax assessments against West Professional Enterprises, Inc. ("West Professional"), (2) reduce to judgment federal employment tax assessments against West Professional, (3) reduce to judgment federal unemployment tax assessments against West Professional, (4) enforce federal tax liens against real property located at 12115 Tesson Ferry Professional Center, St. Louis, Missouri 63128 (the "Property") to satisfy, in part, West Professional's federal tax liabilities, (4) obtain an order authorizing the sale of the Property, and (5) have the proceeds from the sale distributed in amounts determined by the Court.

2. This action is commenced at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. §§ 7401 and 7403(a).

## Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1396 because this is the district where Defendant West Professional is incorporated and maintains its principal place of business and where the Property is located.

## Parties

5. Plaintiff is the United States of America.

6. Defendant West Professional is incorporated in the State of Missouri with its principal place of business at the Property.

7. Defendant Walter D. West resides in St. Louis, Missouri and is named as a defendant to Count IV of this suit, pursuant to 26 U.S.C. § 7403(b), because he may claim an interest in the Property.

8. Defendant Mary West resides in St. Louis, Missouri and is named as a defendant to Count IV of this suit, pursuant to 26 U.S.C. § 7403(b), because she may claim an interest in the Property.

9. Defendant Anthony G. Tumminello, doing business as WDW Partnership, is named as a defendant to Count IV of this suit, pursuant to 26 U.S.C. § 7403(b), because he may claim an interest in the Property.

10. Defendant Mortgage Express Brokerage Co. is named as a defendant to Count IV of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

11. The Missouri Department of Revenue is named as a defendant to Count IV of this suit, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Property.

**Statute of Limitations**

12. The IRS generally has ten years from the assessment of any tax to begin a proceeding in court to collect such tax. 26 U.S.C. § 6502(a)(1).

13. On June 16, 2015, West Professional filed an offer in compromise related to income tax years 2009, 2010, 2011, 2012, and 2013, employment tax quarters ending 9/30/2007, 12/31/2007, 3/31/2008, 6/30/2008, 9/30/2008, 12/31/2008, 12/31/2011, 9/30/2012, 12/31/2012, 3/31/2013, 9/30/2013, 12/31/2013, 3/31/2014, and 6/30/2014, and unemployment tax year 2013.

14. On September 29, 2016, the IRS rejected West Professional's offer in compromise.

15. Under 26 U.S.C. §§ 6331(k)(1), the IRS was prohibited from levying on West Professional's property with respect to the tax periods identified in paragraph 13 for 471 days. For the tax periods identified in paragraph 13, the time for the United States to bring this proceeding was therefore extended by 471 days. 26 U.S.C. § 6331(i)(5), (k)(3)(B).

**COUNT I: Reduce Federal Income Tax Assessments to Judgment**

16. The United States incorporates by reference paragraphs 1-6 and 12-15 of this Complaint.

17. West Professional filed federal income tax returns for tax years 2009 and 2012.

18. West Professional filed federal income tax returns for tax years 2010, 2011, and 2013 reporting unpaid tax due.

19. After IRS examinations, a delegate of the Secretary of the Treasury assessed additional tax for tax years 2009, 2012, and 2013.

20. On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against West Professional for income taxes, penalties, and interest. The amount due, including accrued interest, other statutory additions, and payments and other credits through May 31, 2019, is stated in the chart below.

| Tax Year | Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalty | Unpaid Balance of Assessment |
|---|---|---|---|---|---|
| 2009 | 11/7/2011 | $14,986.00 | $944.95 | | $10,385.23 |
| 2010 | 10/10/2011 10/29/2012 | $35,651.00 | 799.96 | $2,033.08 $4,325.36 | $28,422.66 |
| 2011 | 5/7/2012 | $14,721.00 | $64.09 | $445.21 | $23,278.93 |
| 2012 | 3/23/2015 | $1,275.00 | $79.74 | | $1,933.83 |
| 2013 | 10/06/2014 8/8/2016 | $24,417.00 $121.00 | $414.88 | $854.59 | $36,399.72 |
| | | | | Total: | $100,420.37 |

21. For the tax years identified in paragraph 20, the IRS gave West Professional notices of assessments and made demands for payment.

22. West Professional has failed to pay over the amounts assessed against it.

23. The amount due by virtue of the assessments set forth in paragraph 20, above, with interest and other statutory additions, totals $100,420.37 through May 31, 2019.

24. Interest and other statutory additions will continue to accrue on the amounts owed the United States until the balance is paid in full.

WHEREFORE, the United States requests that the Court:

(a) Enter judgment on Count I of this Complaint in favor of the United States and against West Professional for unpaid federal income taxes in the amount of $100,420.37, plus further interest and other statutory additions that have accrued and will continue to accrue according to law from May 31, 2019; and

(b) Award the United States such other relief as is just and equitable, including awarding the United States its costs.

## COUNT II:  Reduce Employment Tax Assessments to Judgment

25. The United States incorporates by reference paragraphs 1-6 and 12-15 of this Complaint.

26. For the tax quarters ending 9/30/2007, 12/31/2011, and 6/30/2014, West Professional filed federal employment tax returns reporting unpaid tax due.

27. For the tax quarters ending 12/31/2007, 3/31/2008, 6/30/2008, 9/30/2008, 12/31/2008, 9/30/2013, and 12/31/2013, West Professional filed federal employment tax returns late, reporting unpaid tax due.

28. For the tax quarters ending 9/30/2012 and 3/31/2014, West Professional filed federal employment tax returns, but it failed to pay the tax it reported due and reported paid on its returns.

29. For the tax quarter ending 12/31/2012, West Professional filed a federal employment tax return late, and it failed to pay the tax it reported due and reported paid on its return.

30. For the tax quarters ending 9/30/2007, 3/31/2008, 6/30/2008, 9/30/2008, 12/31/2008, 12/31/2011, 9/30/2012, 12/31/2012, 3/31/2013, 9/30/2013, 12/31/2013, 3/31/2014, and 6/30/2014, West Professional failed to make timely federal employment tax deposits.

31. For the tax quarters ending 9/30/2012, 12/31/2012, and 12/31/2013, West Professional tendered an instrument in payment that was not duly paid.

32. On the dates and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against West Professional for employment taxes, penalties, and interest.  The amount due, including accrued interest, other statutory additions, and payments and other credits through May 31, 2010, is stated in the chart below.

5

| Tax Quarter End Date | Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalty | Unpaid Balance of Assessment |
|---|---|---|---|---|---|
| 9/30/2007 | 4/7/2008<br>11/2/2009 | $28,832.59 | $1,145.55 | $10,235.55<br>$5,334.03 | **$5,567.41** |
| 12/31/2007 | 7/28/2008<br>11/10/2008<br>11/02/2009 | $64,979.72 | $2,254.00 | $15,294.83<br>$5,998.00<br>$8,996.96 | **$81,135.96** |
| 3/31/2008 | 7/28/2008<br>11/02/2009 | $17,402.81 | $195.81 | $2,784.41<br>$2,523.41 | **$37,207.22** |
| 6/30/2008 | 2/16/2009<br>6/1/2009 | $21,208.35 | $230.45 | $1,614.17<br>$1,495.31 | **$15,293.15** |
| 9/30/2008 | 2/16/2009<br>6/1/2009 | $20,346.73 | $168.13 | $1,138.14<br>$1,263.00 | **$21,260.19** |
| 12/31/2008 | 7/27/2009<br>11/9/2009 | $63,690.21 | $1,526.69 | $14,966.01<br>$5,869.00 | **$129,234.89** |
| 12/31/2011 | 4/2/2012 | $43,885.38 | $195.41 | $4,410.97 | **$64,391.73** |
| 9/30/2012 | 11/12/2012<br>1/7/2013 | $36,929.95 | $45.01 | $125.31<br>$3,168.67 | **$3,677.71** |
| 12/31/2012 | 2/11/2013<br>4/8/2013<br>4/15/2013 | $24,061.43 | $26.82<br>$7.11 | $101.41<br>$2,083.99<br>$30.21 | **$10,739.88** |
| 3/31/2013 | 7/1/2013 | $37,597.15 | | $2,685.96 | **$3,368.85** |
| 9/30/2013 | 5/19/2014<br>9/1/2014 | $30,317.41 | $438.10 | $5,610.40<br>$2,535.86 | **$40,450.06** |
| 12/31/2013 | 2/3/2014<br>5/19/2014<br>9/1/2014 | $74,735.40 | $561.80 | $88.32<br>$6,350.20<br>$1,682.92 | **$14,660.37** |
| 3/31/2014 | 7/7/2014 | $24,878.91 | $69.69 | $1,881.83 | **$13,976.14** |
| 6/30/2014 | 9/15/2014 | $22,588.56 | $85.56 | $2,484.74 | **$6,985.22** |
| | | | | Total: | **$447,948.78** |

33.  For each tax period identified in paragraph 32, the IRS gave West Professional notices of the assessments and made demands for payment.

34.  West Professional has failed to pay over the amounts assessed against it.

35.  The amount due by virtue of the assessments set forth in paragraph 32, above, with interest and other statutory additions, totals $447,948.78 through May 31, 2019.

36.  Interest and other statutory additions will continue to accrue on the amounts owed the United States until the balance is paid in full.

WHEREFORE, the United States requests that the Court:

(a) Enter judgment on Count II of this Complaint in favor of the United States and against West Professional for unpaid federal employment taxes in the amount of $447,948.78, plus further interest and other statutory additions that have accrued and will continue to accrue according to law from May 31, 2019; and

(b) Award the United States such other relief as is just and equitable, including awarding the United States its costs.

## COUNT III: Reduce Unemployment Tax Assessment to Judgment

37. The United States incorporates by reference paragraphs 1-6 and 12-15 of this Complaint.

38. West Professional did not file a federal unemployment tax return for tax year 2013, despite having paid sufficient wages requiring it to do so.

39. West Professional failed to make timely federal unemployment tax deposits for tax year 2013.

40. On May 19, 2014, and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against West Professional for unemployment taxes, penalties, and interest. The amount due, including accrued interest, other statutory additions, and payments and other credits through May 31, 2019, is stated in the chart below.

| Tax Year | Assessed Tax | Assessed Interest | Assessed Penalty | Unpaid Balance of Assessment |
|---|---|---|---|---|
| 2013 | $29,561.16 | $287.28 | $6,207.84 | **$52,572.17** |

41. For each tax year identified in paragraph 40, the IRS gave West Professional notices of the assessments and made demands for payment.

42. West Professional has failed to pay over the amounts assessed against it.

43. The amount due by virtue of the assessments set forth in paragraph 40, above, with interest and other statutory additions, totals $52,572.17 through May 31, 2019.

44. Interest and other statutory additions will continue to accrue on the amounts owed the United States until the balance is paid in full.

WHEREFORE, the United States requests that the Court:

(a) Enter judgment on Count III of this Complaint in favor of the United States and against West Professional for unpaid federal unemployment taxes in the amount of $52,572.17, plus further interest and other statutory additions that have accrued and will continue to accrue according to law from May 31, 2019; and

(b) Award the United States such other relief as is just and equitable, including awarding the United States its costs.

### COUNT IV: Enforce Federal Tax Liens Against the Property

45. The United States incorporates by reference paragraphs 1 through 44 of this Complaint.

46. By general warranty deed dated June 10, 2003, West Professional acquired the Property, consisting of the real property located at 12115 Tesson Ferry Road, St. Louis, Missouri 63128. The Property has a legal description of:

> Unit 2 of Lot A of Tesson Ferry Professional Center Condominium, a Condominium as per plat thereof recorded in Plat Book 351 page 268, together with the undivided share of all common elements thereto belonging, all according to and more particularly described by the Declaration of Tesson Ferry Professional Center, a Condominium recorded on May 1, 2003 as Daily No. 1739 of the St. Louis County Records.

47. On or about the dates of each of the assessments set forth in in the chart below, for employment taxes, penalties, and interest, the IRS gave West Professional notices of the assessments identified paragraph 32 and made demands for payment.

| Tax Quarter End Date | Date of Assessment |
|---|---|
| 9/30/2007 | 4/7/2008<br>11/2/2009 |
| 12/31/2007 | 7/28/2008<br>11/10/2008<br>11/02/2009 |
| 3/31/2008 | 7/28/2008<br>11/02/2009 |
| 6/30/2008 | 2/16/2009<br>6/1/2009 |
| 9/30/2008 | 2/16/2009<br>6/1/2009 |
| 12/31/2008 | 7/27/2009<br>11/9/2009 |

48. Despite notice and demand for payment, West Professional has failed to pay over the amounts assessed against it.

49. As a result of the assessments described in paragraph 47, above, as well as the notices of assessments, demands for payment, and subsequent failures to pay, federal tax liens arose, pursuant to 26 U.S.C. §§ 6321 and 6322, in favor of the United States on the dates of each of the assessments and attached to all property and rights to property belonging to West Professional as a matter of law.

50. The tax liens that arose by reason of the employment tax assessments described in paragraph 47 attached to West Professional's interest in the Property.

51. The IRS filed notices of federal tax liens against West Professional with the Recorder of Deeds for St. Louis County, Missouri, as follows:

9

| Tax Period End Date | Tax Type | Date NFTL Recorded |
|---|---|---|
| 9/30/2007 | Employment | 5/14/2008<br>Refiled 4/3/2018 |
| 12/31/2007<br>3/31/2008 | Employment | 11/4/2008<br>Refiled 11/8/2017 |
| 6/30/2008<br>9/30/2008 | Employment | 4/7/2009<br>Refiled 8/17/2018 |
| 12/31/2008 | Employment | 8/21/2009<br>Refiled 10/3/2018 |

52. The federal tax liens described in paragraph 49 attached to, and should be enforced against, the Property, and the Property should be sold pursuant to Court order.

53. By quit claim deed dated November 2, 2009, and recorded November 10, 2009, West Professional conveyed its interest in the Property, subject to the attached federal tax liens, to Walter West and Mary West.

54. By quit claim deed dated April 29, 2015, and recorded May 11, 2015, Walter West and Mary West conveyed their interest in the Property, subject to the attached federal tax liens, to WDW Partnership.

WHEREFORE, the United States requests that the Court enter judgment in its favor and against all other parties to this action on Count IV of its complaint as follows:

(a) Declare that the federal tax liens identified in paragraph 49 are valid and subsisting liens that attached to all property and rights to property of West Professional as of the dates of the respective assessments made against it;

(b) Declare that the federal tax liens identified in paragraph 49 attached to the Property;

(c) Order that any defendant claiming an interest in the Property superior to the federal tax liens affirmatively demonstrate that interest;

10

(d) Order that the federal tax liens be enforced, that the Property be sold in a judicial sale according to the law, free and clear of any right, title, lien, claim, or interest of any other lien holders, and that the proceeds of the sale be distributed to the parties in such amounts as the Court determines; and

(e) Award the United States such other relief as is just and equitable, including awarding the United States its costs.

Dated:  July 9, 2019

          Respectfully submitted,

          RICHARD E. ZUCKERMAN
          Principal Deputy Assistant Attorney General

Of Counsel:

JEFFREY B. JENSEN
United States Attorney

           */s/ Gregory L. Mokodean*
          GREGORY L. MOKODEAN
          OH Bar Number:  0086880
          Trial Attorney, Tax Division
          U.S. Department of Justice
          P.O. Box 7238
          Washington, D.C.  20044
          Telephone:  202-307-6554
          Fax:  202-514-6770
          Gregory.L.Mokodean@usdoj.gov

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
West Professional Enterprises, Inc., Walter D. West, Mary West, Anthony G. Tumminello, d/b/a WDW Partnership, Mortgage Express Brokerage Co., and Missouri Department of Revenue

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   St. Louis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gregory L. Mokodean
U.S. Department of Justice, Tax Division
P.O. Box 7238, Ben Franklin Station
Washington, DC 20044
(202) 307-6554

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [x] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC §§ 7402, 7403

Brief description of cause:
Reduce income, employment, and unemployment tax assessments to judgment and enforce tax liens

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 600,941.32

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/9/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Gregory L. Mokodean

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

United States )
, )
 )
Plaintiff, )
 )
v. ) Case No. 4:19-cv-1906
West Professional )
Enterprises, Inc., et al., )
 )
Defendant, )
 )

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____ AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS _____ AND THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 07/09/2019         /s/ Gregory L. Mokodean
                         Signature of Filing Party

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. 4:19-cv-1906 |
| WEST PROFESSIONAL ENTERPRISES INC, ET AL *Defendant* | ) ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Gregory L. Mokodean, Trial Attorney, US Dept. of Justice
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/09/2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

West Professional Enterprises, Inc.
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br>v.<br>WEST PROFESSIONAL ENTERPRISES INC, ET AL<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No.  4:19-cv-1906 |

## WAIVER OF THE SERVICE OF SUMMONS

To: Gregory L. Mokodean, Trial Attorney, US Dept. of Justice
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from   07/09/2019  , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*
Walter West

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff*<br>v.<br>WEST PROFESSIONAL ENTERPRISES INC, ET AL<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 4:19-cv-1906 |

**WAIVER OF THE SERVICE OF SUMMONS**

To: Gregory L. Mokodean, Trial Attorney, US Dept. of Justice
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from  07/09/2019 , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

Mary West
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *Plaintiff* | ) ) ) | |
| v. | ) | Civil Action No. 4:19-cv-1906 |
| WEST PROFESSIONAL ENTERPRISES INC, ET AL *Defendant* | ) ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Gregory L. Mokodean, Trial Attorney, US Dept. of Justice
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/09/2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

Anthony G. Tumminello, d/b/a WDW Partnership
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| UNITED STATES OF AMERICA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-1906 |
| WEST PROFESSIONAL ENTERPRISES INC, ET AL | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To: Gregory L. Mokodean, Trial Attorney, US Dept. of Justice
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 07/09/2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

Mortgage Express Brokerage Co.
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.