## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-001906-AGF |
| | ) | |
| WEST PROFESSIONAL | ) | |
| ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the United States' motion for summary

judgment, seeking to reduce to judgment the federal tax liabilities of Defendant West

Professional Enterprises, Inc. (WPEI) and to enforce six federal tax liens against real

property where WPEI maintains its principal place of business.  For the reasons set forth

below, the motion will be granted.

## BACKGROUND

The undisputed facts are as follows.[1]  WPEI is a Missouri corporation located at

---

[1]      The facts recited herein are drawn from Plaintiff's Statement of Uncontroverted Material
Facts ("SOMF").  ECF No. 25.  Although Defendants denied certain allegations at earlier stages
of the case, they have not filed any response or competing factual assertions in opposition to
Plaintiff's present motion, despite ample opportunity to do so.  And the facts in Plaintiff's SOMF
are well supported by the record.  As such, the Court accepts Plaintiff's version of the facts here.
*See* Local Rule 4.01(E) ("All matters set forth in the moving party's Statement of Uncontroverted
Material Facts shall be deemed admitted for purposes of summary judgment unless specifically
controverted by the opposing party.")  "On a motion for summary judgment, facts must be viewed
in the light most favorable to the nonmoving party only if there is a genuine dispute as to those
facts." *Ricci v. DeStefano,* 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris,* 550 U.S. 372, 380
(2007)); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

12115 Tesson Ferry Professional Center in St. Louis, Missouri (the Property).  ECF

No. 24.  On July 9, 2019, Plaintiff filed suit to reduce to judgment federal income tax

(Count I), federal employment tax (Count II), and federal unemployment tax (Count III)

assessments made against WPEI and to enforce federal tax liens against the Property

(Count IV).

Defendants Walter D. West, Mary West, Anthony G. Tumminello d/b/a WDW

Partnership, Mortgage Express Brokerage Co. ("Mortgage Express"), and the Missouri

Department of Revenue are named as non-liable defendants with respect to Count IV by

virtue of their respective interests in the Property.  *See* 26 U.S.C. § 7403(b) (requiring all

persons having liens upon or claiming an interest in the property be named parties to the

action).  Walter and Mary West are the president and secretary of WPEI, respectively.

WDW Partnership is owned by Mr. West and Mr. Tumminello.  Mr. Tumminello is the sole

officer of Mortgage Express and also WPEI's and the Wests' attorney in this action.

WPEI acquired the Property in 2003.  It was transferred to the Wests in November 2009

and to WDW in 2015, after which Mortgage Express acquired a lien on Property.

**Procedural History**

Plaintiff filed this action in July 2019, and the Court issued a Case Management

Order dated November 27, 2019 setting a discovery deadline of June 16, 2020.  ECF

No. 15.  On May 13, 2020, Defendants moved for a 60-day extension for discovery and

for their responses to Plaintiff's discovery requests.  ECF No. 17.  The Court granted the

motion and ordered WPEI to respond to certain document requests and interrogatories by

June 22, 2020 and to supplement other incomplete responses by July 17, 2020.  ECF

No. 20.  WPEI failed to produce all responsive documents.  ECF No. 28.  Notably, WPEI did not respond to interrogatories seeking to identify any payment credits not accounted for on the IRS's certified transcripts for all tax periods at issue. ECF No. 28 and 28-7.

On July 9, 2020, Plaintiff and the Missouri Department of Revenue entered a stipulation as to the priority of their competing tax liens, and the Department was dismissed from this action.  ECF No. 21, 22.  Plaintiff filed the present motion for summary judgment on August 18, 2020.  ECF No. 24.  On September 16, 2020, Plaintiff and Mortgage Express stipulated that the Liens take priority over Mortgage Express's interest in the Property.

Following an unsuccessful mediation on September 17, 2020, the parties continued settlement discussions and asked the Court to refrain from ruling on Count III of the complaint.  ECF No. 35, 36.  In November 2020, Plaintiff advised the Court that the parties had resolved Count III and would enter a stipulation as to that count.  ECF No. 41.  On December 29, 2020, the Court entered a partial consent judgment on Count III and directed Defendants to show cause why Plaintiff's motion for summary judgment should not be granted on the remaining counts.  ECF Nos. 45, 46.  Defendants have not filed any response to Plaintiff's motion or this Court's Show Cause Order, and the time to do so has passed.  Consequently, the Court reviews the present motion on the unrefuted evidentiary record submitted by Plaintiff.

## THE FACTS

Internal Revenue Service records submitted in support of Plaintiff's motion for summary judgment establish the following facts and chronology with respect to WPEI's

tax liabilities and notice thereof.

## Federal Income Tax (Count I)

*2009*

On November 7, 2011, the IRS processed WPEI's 2009 federal income tax return based on WPEI's Form 1120 and assessed $14,986.00 as additional income tax liability and $944.95 as interest.  ECF No. 24-1 at 3.

*2010*

On October 10, 2011, the IRS processed WPEI's 2010 return based on WPEI's Form 1120 and assessed $35,651.00 as federal income tax liability, $799.96 as interest, $785.30 as estimated tax penalty, and $1,247.78 as failure to pay tax penalty ("FTP"). ECF No. 24-2 at 3.  On October 29, 2012, the IRS assessed $4,325.36 as additional FTP. *Id.* at 6.

*2011*

On May 7, 2012, the IRS processed WPEI's 2011 return based on WPEI's Form 1120 and assessed $14,721.00 as federal income tax liability, $64.09 as interest, $298.00 as estimated tax penalty, and $147.21 as FTP.  ECF No. 24-3 at 3.

*2012*

On March 23, 2015, the IRS processed WPEI's 2012 return based on WPEI's Form 1120 and assessed $1,275.00 as federal income tax liability and $79.74 as interest. ECF No. 24-4 at 3.

*2013*

On October 6, 2014, the IRS processed WPEI's 2013 return based on WPEI's

Form 1120 and assessed $24,417.00 as federal income tax liability, $414.88 as interest,

and $854.59 as FTP.  ECF No. 24-5 at 3.  On August 8, 2016, the IRS assessed $121.00

as additional income tax.  *Id.*

In total, the IRS assessed the following federal income taxes against WPEI:

| Year | Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalty | Unpaid Balance as of July 21, 2020 |
|------|--------------------|--------------|-------------------|------------------|-----------------------------------|
| 2009 | 11/7/2011 | $14,986.00 | $944.95 | | $10,848.63 |
| 2010 | 10/10/2011 | $35,651.00 | $799.96 | $2,033.08 | $29,932.27 |
| | 10/29/2012 | | | $4,325.36 | |
| 2011 | 5/7/2012 | $14,721.00 | $64.09 | $445.21 | $24,431.25 |
| 2012 | 3/23/2015 | $1,275.00 | $79.74 | | |
| 2013 | 10/06/2014 | $24,417.00 | $414.88 | $854.59 | $38,215.78 |
| | 8/8/2016 | $121.00 | | | |
| Total | | | | | $105,456.07 |

The IRS sent WPEI notices of these assessments and made demands for payment,

but WPEI failed to pay the amounts assessed against it.  ECF No. 28-4.

**Federal Employment Tax (Count II)**

*Tax Quarter Ending 9/30/2007*

On April 7, 2008, the IRS assessed, based on WPEI's Form 941, $28,832.59 as

federal employment tax, $1,145.55 as interest,[2] $6,487.33 as late filing penalty ("LFP"),

---

[2]     Though Plaintiff's Request for Admission (ECF No. 28-3) indicates the number as $1,441.55, its SOMF (ECF No. 25) and the IRS's Certificate of Official Record (ECF No.24-6) both show that the assessed interest is $1,145.55.  The Court assumes that the latter figure is correct and the former simply a typographical error.

$2,833.24 as federal tax deposit penalty ("TDP"), and $864.98 as FTP.  ECF No. 24-6 at

3.  On November 2, 2009, the IRS assessed $5,334.03 as additional FTP.  *Id.*

### *Tax Quarter Ending 12/31/2007*

On July 28, 2008, the IRS assessed, based on WPEI's Form 941, $64,979.72 as

federal employment tax, $2,254.00 as interest, $13,495.44 as LFP, and $1,799.39 as FTP.

ECF No. 24-7 at 3.  On November 10, 2008, the IRS assessed $5,998.00 as TDP.  *Id.*  On

November 2, 2009, the IRS assessed $8,996.96 as additional FTP.  *Id.*

### *Tax Quarter Ending 3/31/2008*

On July 28, 2008, the IRS assessed, based on WPEI's Form 941, $17,402.81 as

federal employment tax, $195.81 as interest, $783.13 as LFP, $1,740.24 as TDP, and

$261.04 as FTP.  ECF No. 24-8 at 3.  On November 2, 2009, the IRS assessed $2,523.41

as additional FTP.  *Id.*

### *Tax Quarter Ending 6/30/2008*

On February 16, 2009, the IRS assessed, based on WPEI's Form 941, $21,208.35

as federal employment tax, $230.45 as interest, $1,396.88 as LFP, and $217.29 as FTP.

ECF No. 24-9 at 3.  On June 1, 2009, the IRS assessed $1,495.31 as TDP.  *Id.*

### *Tax Quarter Ending 9/30/2008*

On February 16, 2009, the IRS assessed, based on WPEI's Form 941, $20,346.73

as federal employment tax, $168.13 as interest, $931.21 as LFP, and $206.93 as FTP.

ECF No. 24-10 at 3.  On June 1, 2009, the IRS assessed $1,263.00 as TDP.  *Id.*

### *Tax Quarter Ending 12/31/2008*

On July 27, 2009, the IRS assessed, based on WPEI's Form 941, $63,690.21 as

federal employment tax, $1,526.69 as interest, $13,205.30 as LFP, and $1,760.71 as FTP. ECF No. 24-11 at 3.  On November 9, 2009, the IRS assessed $5,869.00 as TDP.  *Id.*

### Tax Quarter Ending 12/31/2011

On April 2, 2012, the IRS assessed, based on WPEI's Form 941, $43,885.38 as federal employment tax, $195.41 as interest, $3,835.62 as TDP, and $575.35 as FTP. ECF No. 24-12 at 3.

### Tax Quarter Ending 9/30/2012

On November 12, 2012, the IRS assessed $125.31 as a dishonored check penalty. ECF No. 24-13 at 3.  On January 7, 2013, the IRS assessed, based on WPEI's Form 941, $36,929.95 as federal employment tax, $45.01 as interest, $2,725.63 as TDP, and $129.77 as FTP.[3]  *Id.* at 3-4.

### Tax Quarter Ending 12/31/2012

On February 11, 2013, the IRS assessed $101.41 as a dishonored check penalty. ECF No. 24-14 at 3.  On April 8, 2013, the IRS assessed, based on WPEI's Form 941, $24,061.43 as federal employment tax, $26.82 as interest, $205.50 as LFP, $1,809.99 as TDP, and $68.50 as FTP.  *Id.* at 3-4.  On April 15, 2013, the IRS assessed $7.11 as additional interest, $22.66 as additional LFP, and $7.55 as additional FTP.  *Id.* at 4.

---

[3]     The assessment for this quarter also shows a TDP of $313.27 assessed on January 7, 2013 and abated that same date.  ECF No. 24-13 at 4.  In its SOMF (ECF No. 25), Plaintiff appears to include this amount in the total for the quarter.  ($2,725.63 + $129.77 + $313.27 = $3,168.67)  The Court is unable to determine whether this is an error or simply an internal accounting process.  As set forth below, the Court will give Plaintiff seven (7) days to advise the Court whether this and the other amounts shown an abated, see notes 4 and 5 *infra*, should be deducted, or to provide a proper explanation for the abatement notations.

### *Tax Quarter Ending 3/31/2013*

On July 1, 2013, the IRS assessed, based on WPEI's Form 941, $37,597.15 as federal employment tax and $2,685.96 as TDP.  ECF No. 24-15 at 3.

### *Tax Quarter Ending 9/30/2013*

On July 1, 2013, the IRS assessed, based on WPEI's Form 941, $30,317.41 as federal employment tax, $438.10 as interest, $4,734.80 as LFP, and $755.25 as FTP.[4] ECF No. 24-16 at 3.  On September 1, 2014, the IRS assessed $2,535.86 as additional TDP.  *Id.*

### *Tax Quarter Ending 12/31/2013*

On February 3, 2014, the IRS assessed $88.32 as a dishonored check penalty. ECF No. 24-17.  On May 19, 2014, the IRS assessed, based on WPEI's Form 941, $74,735.40 as federal employment tax, $561.80 as interest, $702.69 as LFP, $1,154.58 as FTP.[5]  *Id.*  On April 15, 2013, the IRS assessed $7.11 as additional interest, $22.66 as additional LFP, and $7.55 as additional FTP.  *Id.*  On September 1, 2014, the IRS assessed $1,682.92 as TDP.  *Id.*

### *Tax Quarter Ending 3/31/2014*

On July 7, 2014, the IRS assessed, based on WPEI's Form 941, $24,878.91 as

---

[4]     The assessment for this quarter also shows an LFP of $120.35 assessed on May 19, 2014 and abated that same date.  ECF No. 24-16 at 4.  In its SOMF (ECF No. 25), Plaintiff appears to include this amount in the total for the quarter ($4,734.80, $755.25, and $120.35 = $5,610.40). Again, Plaintiff will need to address this possible discrepancy.

[5]     Similar to footnotes 3 and 4, this quarter also shows an LFP of $4,492.93, assessed and abated on May 19, 2014, and included in the total set forth in Plaintiff's SOMF.  ($702.69 + $1,154.58 + $4,492.93 = $6,350.20) ECF No. 42-17 at 4.

federal employment tax, $69.69 as interest, $1,695.31 as TDP, and $186.52 as FTP.  ECF No. 24-18.

### *Tax Quarter Ending 6/30/2014*

On September 15, 2014, the IRS assessed, based on WPEI's Form 941, $22,588.56 as federal employment tax, $85.56 as interest, $2,258.85 as TDP, and $225.89 as FTP.  ECF No. 24-19.

In total, the IRS assessed the following against WPEI for federal employment

taxes:

| Tax Quarter | Date of Assessment | Assessed Tax | Assessed Interest | Assessed Penalty | Unpaid Balance as of July 21, 2020 |
|---|---|---|---|---|---|
| 9/30/2007 | 4/7/2008 | $28,832.59 | $1,145.55 | $10,235.55 | $5,892.31 |
| | 11/2/2009 | | | $5,334.03 | |
| 12/31/2007 | 7/28/2008 | $64,979.72 | $2,254.00 | $15,294.83 | $75,370.04 |
| | 11/10/2008 | | | $5,998.00 | |
| | 11/02/2009 | | | $8,996.96 | |
| 3/31/2008 | 7/28/2008 | $17,402.81 | $195.81 | $2,784.41 | $26,389.85 |
| | 11/02/2009 | | | $2,523.41 | |
| 6/30/2008 | 2/16/2009 | $21,208.35 | $230.45 | $1,614.17 | $16,107.72 |
| | 6/1/2009 | | | $1,495.31 | |
| 9/30/2008 | 2/16/2009 | $20,346.73 | $168.13 | $1,138.14 | $22,361.98 |
| | 6/1/2009 | | | $1,263.00 | |
| 12/31/2008 | 7/27/2009 | $63,690.21 | $1,526.69 | $14,966.01 | $136,023.16 |
| | 11/9/2009 | | | $5,869.00 | |
| 12/31/2011 | 4/2/2012 | $43,885.38 | $195.41 | $4,410.97 | $67,649.19 |
| 9/30/2012 | 11/12/2012 | | | $125.31 | $3,902.32 |
| | 1/7/2013 | $36,929.95 | $45.01 | $3,168.67 | |
| 12/31/2012 | 2/11/2013 | | | $101.41 | $11,297.10 |
| | 4/8/2013 | $24,061.43 | $26.82 | $2,083.99 | |
| | 4/15/2013 | | $7.11 | $30.21 | |
| 3/31/2013 | 7/1/2013 | $37,597.15 | | $2,685.96 | $3,565.44 |
| 9/30/2013 | 5/19/2014 | $30,317.41 | $438.10 | $5,610.40 | $42,547.66 |
| | 9/1/2014 | | | $2,535.86 | |
| 12/31/2013 | 2/3/2014 | | | $88.32 | $15,427.05 |
| | 5/19/2014 | $74,735.40 | $561.80 | $6,350.20 | |
| | 9/1/2014 | | | $1,682.92 | |
| 3/31/2014 | 7/7/2014 | $24,878.91 | $69.69 | $1,881.83 | $14,669.86 |
| 6/30/2014 | 9/15/2014 | $22,588.56 | $85.56 | $2,484.74 | $7,356.60 |
| Total | | | | | $448,560.28 |

For all of the above employment tax quarters, the IRS sent WPEI notices of the

assessments and made demands for payment, but WPEI failed to pay the amounts

assessed against it.  ECF No. 28-4.

In support of its motion for summary judgment on Counts I and II, Plaintiff also submitted the declaration of IRS officer Consuela Henderson confirming the accuracy of the foregoing amounts.  ECF No. 27.

### Liens Against the Property (Count IV)

In Count IV, Plaintiff seeks to enforce six federal employment tax liens against the Property for the tax quarters ending September 30, 2007, December 31, 2007, March 31, 2008, June 30, 2008, September 30, 2008, and December 31, 2008 (the "Liens").  A summary of the Liens is as follows:

| Tax Quarter | Date of Assessment | Date Recorded | Federal Lien Record |
|---|---|---|---|
| 9/30/2007 | 4/7/2008 | 5/14/2008 | ECF No. 24-25 |
| | 11/2/2009 | Refiled 4/3/2018 | ECF No. 24-40 |
| 12/31/2007 | 7/28/2008 | 11/4/2008 | ECF No. 24-26 |
| | 11/10/2008 11/02/2009 | Refiled 11/8/2017 | ECF No. 24-41 |
| 3/31/2008 | 7/28/2008 | 11/4/2008 | ECF No. 24-26 |
| | 11/02/2009 | Refiled 11/8/2017 | ECF No. 24-41 |
| 6/30/2008 | 2/16/2009 | 4/7/2009 | ECF No. 24-27 |
| | 6/1/2009 | Refiled 8/17/2018 | ECF No. 24-42 |
| 9/30/2008 | 2/16/2009 | 4/7/2009 | ECF No. 24-27 |
| | 6/1/2009 | Refiled 8/17/2018 | ECF No. 24-42 |
| 12/31/2008 | 7/27/2009 | 8/21/2009 | ECF No. 24-28 |
| | 11/9/2009 | Refiled 10/3/2018 | ECF No. 24-43 |

As previously stated, the IRS sent WPEI notices of these assessments and made demands for payment on or about the dates of each assessment, but WPEI failed to pay the amounts assessed against it.  ECF No. 28-4; ECF No. 24 Ex. 6-11.  The IRS filed notices of the Liens with the Recorder of Deeds for St. Louis County as detailed in the above table.  ECF No. 24 Ex. 25-28 and 40-43.

WPEI originally acquired the Property in 2003.  ECF No. 24-21.  WPEI conveyed its interest in the Property to Defendants Walter and Mary West by quit claim deed in

November 2009.  ECF No. 24-22.  The Wests later conveyed their interest to WDW

Partnership by quit claim deed dated April 2015.  ECF No. 24-23.  WDW Partnership

mortgaged the Property to Mortgage Express by deed of trust in September 2015, naming

Mr. Tuminello as trustee and secured by a promissory note for $137,000.  ECF No. 24-

24.  All deeds were recorded shortly after execution.

### DISCUSSION

#### Summary Judgment Standard

Summary judgment is appropriate where the movant shows that there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a

matter of law.  Fed.R.Civ.P. 56(a).  The nonmovant must do more than suggest some

metaphysical doubt as to the material facts; rather, the nonmovant must come forward

with specific facts showing that there is a genuine issue for trial.  *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Ricci*, 557 U.S. at 586;

*United States v. Tolin*, 4:13CV863 HEA, 2015 WL 1456980, at *3 (E.D. Mo. Mar. 30,

2015), *aff'd*, 827 F.3d 809 (8th Cir. 2016).

"Mere allegations not supported with specific facts are insufficient to establish a

material fact issue and will not withstand summary judgment."  *Depositors Ins. Co. v.*

*Wal–Mart Stores, Inc.*, 506 F.3d 1092, 1095 n. 3 (8th Cir. 2007).  The nonmovant must

respond by submitting evidentiary materials that set out specific facts showing that there

is a genuine issue for trial.  *Gannon Intern., Ltd. v. Blocker*, 684 F.3d 785, 792 (8th Cir.

2012) (quoting *Torgerson*, 643 F.3d at 1041).  Where the record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue

for trial.  *Id.*  To establish a genuine factual issue, a party "may not merely point to unsupported self-serving allegations." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008).  Instead, the party must substantiate its allegations with sufficient probative evidence that would permit a finding in its favor.  *Id.*

"An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes."  *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002).  Certificates of Assessment and Payments are sufficient, self-authenticating evidence that a tax assessment was made in accordance with statutory and regulatory requirements.  *See* 26 U.S.C. § 6203; *United States v. Bisbee*, 245 F.3d 1001, 1006 (8th Cir. 2001).  An assessment is entitled to a legal presumption of correctness.  *Fior D'Italia,* 536 U.S. at 242.  "[I]n deficiency actions the Commissioner's determination is presumed correct, and the petitioner bears the burden to prove otherwise. Furthermore, the Commissioner is entitled to the benefit of that presumption in moving for summary judgment, and the presumption will permit judgment in the Commissioner's favor unless the opposing party produces substantial evidence overcoming it." *Long v. Comm'r. of Internal Revenue*, 757 F.2d 957, 959 (8th Cir. 1985); *Boles Trucking, Inc. v. United States*, 77 F.3d 236, 239 (8th Cir. 1996) (noting that the Commissioner's determination of tax liability is presumed correct, and the taxpayer bears the burden of proving otherwise by a preponderance of evidence); *N.D. State Univ. v. United States*, 255 F.3d 599, 603 (8th Cir. 2001) (same).

### Count I – Federal Income Taxes

WPEI does not deny that it has failed to pay the federal income taxes as assessed

by the IRS and itemized above.  ECF No. 11 ¶ 5.  Although in earlier stages of the case

WPEI denied it was liable for the amounts assessed,[6] WPEI has submitted no evidence to

refute Plaintiff's present motion.

Plaintiff has filed IRS Form 4340 Certificate of Assessments, Payments, and Other

Specified Matters for each of the tax periods at issue.  ECF Nos. 24, 27.  These IRS

certified transcripts are self-authenticating because they contain the seal of the United

States and an attesting signature.  *See* Fed. R. Evid. 902(1); *Bisbee*, 245 F.3d at 1006.  "It

is well established rule that the IRS's tax calculations (including calculations of interest

and penalties) are presumptively valid."  *Boles Trucking*, 77 F.3d at 239.  Certificates of

Assessments and Payments submitted by the Government are sufficient to establish the

validity of the assessments.  *United States* v. *Gerads*, 999 F.2d 1255, 1256 (8th Cir.

1993).

Thus, Plaintiff has satisfied its burden of proving WPEI's liability and is entitled

to have the assessment reduced to judgment unless WPEI overcomes the presumption

that the assessment is correct.  *Long v. Comm'r.*, 757 F.2d at 959.  Defendant WPEI has

failed to demonstrate or even argue any defect in the methodology used by the IRS in its

computation of WPEI's federal income tax liability.  Defendant therefore fails to

overcome the presumption that Plaintiff's assessment is correct.  "If the taxpayer fails to

produce countervailing proof that the assessments are incorrect, the trial court is required

---

[6]     In their response to Plaintiff's first set of requests for admissions, Defendants deny
owing a $1,275.00 assessment and $79.74 in interest because "there was no audit or reason
provided."  ECF No. 28-4, ¶ 7.

to enter summary judgment for the amount of the taxes proved to be due." *United States*
*v. Dudley*, No. 1:12CV127 SNLJ, 2014 WL 7507242, at 4 (E.D. Mo. Nov. 18, 2014).  As
such, the Court will enter judgment on Count I against Defendant WPEI in the amount of
$105,456.07 as of July 21, 2020, plus statutory additions, including interest, accruing
since that date.

### Count II – Federal Employment Taxes

Although WPEI again generally denied its liability for the federal employment tax
assessed against it, WPEI has produced no evidence in support of its assertion nor any
evidence in opposition to Plaintiff's motion for summary judgment.  In particular, the
Court notes that WPEI disagreed with the IRS's employment tax calculation in response
to Plaintiff's first requests for admissions.  ECF No. 28-4.  WPEI denied the accuracy of
IRS's assessment by stating that certain additions are made "with no explanation." *Id.* ¶
9.  WPEI also asserted that the IRS issued an erroneous refund of $49,015.97 on August
20, 2007 and wrongfully applied payments made as reductions in 2006 trust fund
penalties for the tax quarter ending December 31, 2006.  *Id.* ¶ 12.  But the record contains
no evidence on these issues.

During the discovery phase of this case, WPEI requested, and the Court granted, a
60-day extension for WPEI to supplement its responses to Plaintiff's discovery requests
and to produce all responsive documents.  ECF Nos. 17, 20.  The docket sheet reflects no
filing by Defendants since that time.  Plaintiff has filed IRS Forms 4340 for all 14 tax
periods at issue along with an IRS officer's signed declaration detailing WPEI's total tax
liability, including interest and penalties. Defendants did not file a timely response in

- 15 -

opposition to Plaintiff's present motion.  Even when the Court provided an additional

opportunity to show cause why Plaintiff's motion should not be granted, Defendants

failed to respond in any manner.

Matters set forth in the moving party's statement of facts are deemed admitted

unless specifically controverted by the opposing party.  Local Rule 4.01(E).  Mere

allegations not supported with specific facts are insufficient to establish a material fact

issue and will not withstand summary judgment.  *Wal–Mart Stores, Inc.*, 506 F.3d at

1095.  To establish a genuine factual issue, a party may not merely point to unsupported

self-serving allegations.  *Residential Funding Co., LLC v. Terrace Mortg. Co.*, 725 F.3d

910, 915 (8th Cir. 2013).  The nonmovant must respond by submitting evidentiary

materials that set out specific facts showing that there is a genuine issue for trial.

*Blocker,* 684 F.3d at 792.

WPEI has had every opportunity to challenge the IRS assessments against it but has

produced no evidence to challenge their presumed correctness.  Consequently, summary

judgment in favor of Plaintiff is proper.  The Court will enter judgment on Count II against

Defendant WPEI in the amount of $448,560.28 as of July 21, 2020, plus statutory additions,

including interest, accruing since that date, subject to a possible reduction for the three

minor amounts listed as abated, and described in notes 3-5 above.

### Count IV – Liens on the Property

Under 26 U.S.C. § 6321, "[i]f the taxpayer does not pay the amount assessed, then

the amount automatically becomes a tax lien on all property belonging to the taxpayer,

and the IRS may proceed with further collection actions."  *Pagonis v. United States*, 575

F.3d 809, 812 (8th Cir. 2009) (internal citation omitted).  "The statutory language 'all property and rights to property' is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."  *United States v. National Bank of Commerce*, 472 U.S. 713, 719–20 (1985).   "[T]he lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied...."  26 U.S.C. § 6322.

The present record establishes that the Liens are valid and subsisting liens that attached to all property and rights to property of WPEI as of the dates of the respective assessments made against it.  On or about the dates of each of the six federal employment tax assessments, the IRS timely gave WPEI notice of the assessments and made demands for payment but received insufficient payments.  The dates of assessments for these six federal employment taxes all fall within the period when Defendant WPEI owned the Property, thus the Liens attached to the Property.  Pursuant to 26 U.S.C. § 6322, the Liens remain attached because WPEI has not paid those liabilities.

The Liens also have priority over all other Defendants' competing security interests.  "According to federal law, the priority of a lien depends on the time the lien attached to the property in question and became choate."  *In re Nerland Oil*, 303 F.3d 911, 916 (8th Cir. 2002).  A federal tax lien arises and is a perfected choate lien when assessed in the manner provided by statute.  *United States v. First Nat'l Bank & Trust Co. of Fargo, N.D.*, 386 F.2d 646, 647 (8th Cir. 1967) (citing *United States v. Vermont*, 377 U.S. 351, 354 (1964)).  Pursuant to 26 U.S.C. § 7403(b), Plaintiff has named all persons

"having liens upon or claiming any interest" in the Property.  Among those persons, it has been stipulated that the Liens have priority over all state tax liens held by the Missouri Department of Revenue.  Likewise, it has also been stipulated that the Liens have priority over the mortgage liens of Defendant Mortgage Express.

The remaining competing interests are those of Defendants Walter and Mary West and Anthony G. Tumminello d/b/a WDW Partnership as subsequent purchasers.  The fact that Defendant WPEI, the delinquent taxpayer, no longer owns the Property does not preclude the sale of the Property to satisfy WPEI's outstanding tax liability.  Section 7403 provides that the government may enforce its lien to the extent that it may seek to "subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability."  Title 26 U.S.C. § 6323(a) provides that "[t]he lien imposed by section 6321 shall not be valid as against any purchaser ... until notice thereof ... has been filed by the Secretary."  Notices for all six Liens were properly filed with the St. Louis County Recorder of Deeds on May 14, 2008, November 4, 2008, April 7, 2009, and August 21, 2009 respectively, all before the transfer of the Property to the purchaser defendants.  Thus, the subsequent purchasers, who took only by quit claim, took the property subject to the Liens.  After notices of the Liens were duly filed, they "became and remained enforceable against the subsequent purchasers." *Stutsman Cty. Implement Co.*, 274 F.2d at 736.  This is "so clearly supported by the statutory provisions that it appears to have been seldom disputed." *Id.*

Section 7403(c) provides that the district court should determine the merits of all claims to and liens upon the property and may decree a sale of such property if a claim or

interest of the United States therein is established.  In determining whether to authorize a

forced sale under section 7403 when interests of nondelinquent third parties are involved,

district court should consider four factors: (1) "the extent to which the Government's

financial interests would be prejudiced if it were relegated to a forced sale of the partial

interest actually liable for the delinquent taxes"; (2) whether the non-liable third party

had "a legally recognized expectation that that separate property would not be subject to

forced sale by the delinquent taxpayer or his or her creditors"; (3) the likely prejudice to

the non-liable third party "in personal dislocation costs and ... undercompensation"; and

(4) "the relative character and value of the non-liable and liable interests held in the

property." *United States v. Rodgers*, 461 U.S. 677, 710-711 (1983); *United States v.

Jackson*, 3:16-CV-05096-BCW, 2019 WL 617775, at *3 (W.D. Mo. Jan. 30, 2019).

The first factor is most relevant when the property at issue is jointly owned and the

non-liable third party owns a partial interest.  Here, the Property is now entirely owned

by WDW partnership.  The second factor clearly favors a forced sale because the Wests

and WDW partnership both purchased the property after notices of the Liens were

properly executed.  They do not have a legally recognized expectation that the Property

will not be subject to a forced sale by WPEI's creditors.  The third factor also favors a

forced sale because the Wests do not use the Property as a principal residence.  The

fourth factor does not weigh against a sale because the non-liable subsequent transferees

are WPEI insiders who knowingly purchased the Property subject to the Liens.

"The United States has a paramount interest in prompt and certain collection of

delinquent taxes." *Rodgers*, 461 U.S. at 711.  The Court will enforce the Liens on the

Property at 12115 Tesson Ferry Professional Center, St. Louis, Missouri 63128.

Finally, on this Count IV, Plaintiff asks the Court for some flexibility with the time period in which to sell the Property due to restrictions on normal business operations as a result of the COVID-19 pandemic.  Plaintiff's request is well-taken.  The Court will grant Plaintiff 90 days to submit either a proposed Order of Sale or a status report explaining why the Property should not be sold immediately.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 24) is **GRANTED** as follows:

1.      On Count I, judgment is entered against Defendant WPEI in the amount of $105,456.07 as of July 21, 2020, plus statutory additions, including interest, accruing since that date.

2.      On Count II, judgment is entered against Defendant WPEI in the amount of $448,560.28 as of July 21, 2020, plus statutory additions, including interest, accruing since that date, subject to any reduction for the abated amounts discussed above.

3.      On Count IV, judgment is entered for Plaintiff and against Defendants, such that:

> a.   The federal tax liens identified herein are valid and subsisting liens that attached to all property and rights to property of WPEI as of the dates of the respective assessments made against it;

- 20 -

    b.   Said liens attached to the real Property located at 12115 Tesson Ferry Professional Center, St. Louis, Missouri 63128;

    c.   Said liens have priority over any interests in the Property the non-liable Defendants may hold;

    d.   Said liens will be enforced, and the Property will be sold in a judicial sale according to the law, free and clear of any right, title, lien, claim, or interest of any other lien holders, and the proceeds of the sale will be distributed to the parties in such amounts as the Court determines; and

    e.   In light of the limitations on normal business operations due to the COVID-19 pandemic, Plaintiff shall have 90 days to submit either a proposed Order of Sale to govern the sale of the Property or a status report explaining why the Property should not be sold immediately.

**IT IS FURTHER ORDERED** that the parties will bear their own costs and expenses.

**IT IS FURTHER ORDERED** that Plaintiff shall have seven (7) days from the date of this Order to advise the Court whether the amounts in Count II should be reduced in light of the abatements noted, or show the Court why the amounts are properly included.

**IT IS FINALLY ORDERED** that Plaintiff shall have fourteen (14) days from the

date of this Order to submit a Proposed Judgment that reflects accrued interest.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March 2021.