UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:19-CV-01906-AGF |
| ) | |
| WEST PROFESSIONAL ENTERPRISES ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Movant, Todd W. Sivia's motion to intervene (Doc. No. 86). Sivia asserts that he has an interest relating to the property located at 12115 Tesson Ferry Rd., St. Louis, MO 63128 (the "Property") due to his purchase agreement with the court-appointed receiver and the costly renovations he has undertaken at the Property. Sivia argues that due to these interests, he should be permitted to intervene in this matter under Fed. R. Civ. P. 24(a)(2).[1] Defendant Board of Managers of the Tesson Ferry Professional Condominium Association (the "Association") opposes Sivia's motion to intervene. (Doc. No. 89).

---

[1] In addition to his motion to intervene, Sivia has asked the Court to prevent the Association from exercising its right of first option and allow him to purchase the property, or in the alternative, order the Association to reimburse Sivia of all funds used to renovate and improve the property. (Doc. No. 86). At this time, the Court is only ruling on the Sivia's motion to intervene.

## **BACKGROUND**

This matter initially came before the Court on the request of the United States to reduce to judgment certain federal tax assessments against West Professional Enterprises, Inc. ("WPEI"), enforce federal tax liens against the Property, obtain an order authorizing a sale of the Property, and have the proceeds from the sale distributed in amounts determined by the Court.  (Doc. No. 1).  On April 2, 2021, judgment was entered in favor of the United States and against WPEI, and the Court ordered that the tax liens be enforced against the Property and the Property be sold in a judicial sale.  (Doc. No. 50).

On September 27, 2021, the Court granted the motion of the United States to appoint a receiver to sell the Property, and appointed Michael G. Gibson as receiver (the "Receiver").  (Doc. No. 58).

On December 8, 2021, the United States filed a motion for leave to amend the complaint to add the Association as a Defendant, based on certain liens filed by the Association.  (Doc. No. 60).  No objections having been filed, the Court granted the motion on December 27, 2021.  (Doc. No. 62).

On January 25, 2022, Sivia entered into an agreement with the Receiver to purchase the Property.

On or around February 7, 2022, Sivia and the Receiver received a letter from the Association waiving its right of first option to purchase the Property.  (Doc. No. 86-1).

After receiving this letter, Sivia began making renovations to the property. Sivia and the Receiver assert that the Association was aware of the renovations.[2] (Doc. No. 96). With respect to these renovations, the Receiver and Sivia also entered into a Hold Harmless Agreement which protected the Receiver and the United States against potential liability for the work that was being performed at the property and to ensure Sivia would pay for the work that he or his contractors performed. (Doc. No. 96-2).

On May 18, 2022, this Court granted the United States' motion authorizing sale by the Receiver to Todd Sivia for the sum of $250,000. (Doc. No. 82). Following this order, Sivia asked to instead purchase the Property through his entity, JPTS Properties, LLC. (Doc. No. 83). With approval from the United States, this Court authorized the sale to JPTS Properties, LLC on June 29, 2022. (Doc. No. 84).

On July 18, 2022, prior to the closing of the sale, the Association emailed a letter to the Receiver, stating that the Association had chosen to exercise its right of first option to purchase the Property. (Doc. Nos. 85, 85-1).

Sivia opposes the Association's attempt to exercise its right of first option, and on July 22, 2022, filed this motion to intervene. (Doc. No. 86).

According to the Receiver, as a result of this dispute between Sivia and the Association, the Property is now subject to two encumbrances that prevent the issuance of title insurance or clear title to any buyer, and also prevent the Receiver from selling the

---

[2] The Associate contends that it was not aware of the renovations at the Property, and thought it was simply cleanup work. The Association further contends that renovations were not conducted with a permit, as required, and thus are subject to fines and penalties by St. Louis County, plus the costs of re-doing the work properly. (Doc. No. 89).

Property to any buyer free and clear or any rights, titles, claims, or interest.  (Doc. Nos. 96 -97).

## ARGUMENTS OF THE PARTIES

Sivia asserts that he has an interest relating to the Property due to his purchase agreement with the Receiver and the costly renovations he has undertaken at the property. Sivia argues that due to these interests, he should be permitted to intervene in this matter under Fed. R. Civ. P. 24(a)(2).

In its opposition, the Association does not dispute that Sivia has the right to intervene under Rule 24(a)(2).  Rather, the Association's opposition argues the merits of the case and summarily asks the Court to deny Sivia's motion to intervene.

## DISCUSSION

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit anyone to intervene who: (1) files a timely motion to intervene; (2) "claims an interest relating to the property or transaction that is the subject of the action"; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties.  *See* Fed. R. Civ. P. 24(a)(2).  A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor.  *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014) (citations omitted).

The Court finds that Sivia is entitled to intervene under Rule 24(a)(2).  First, the timeliness of Sivia's motion is not in dispute, his motion was filed four days after the

Association sought to exercise its right of first option and prevent the sale to Sivia. Second, Sivia has claimed a recognizable property and financial interest in the Property due to his purchase agreement with the Receiver and renovations he undertook in reliance on that purchase agreement.  Third, disposing of this matter without Sivia's intervention would impair his ability to protect his aforementioned interests in the Property.  Fourth, the existing parties do not adequately represent his interests; the United States remains neutral in this matter, and the Association is actively advocating against Sivia's interests. Accordingly, Sivia is entitled to intervene as of right under Rule 24(a).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant Todd W. Sivia's motion to intervene is **GRANTED**.  (Doc. No. 86).

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2022.